UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JONATHAN CARTER,

    Plaintiff,

v.

J. HIGHBERGER *et al.*,

    Defendants.

Case No. 6:23-cv-01664-CL

ORDER

AIKEN, District Judge.

    Plaintiff Jonathan Carter ("Carter"), a self-represented litigant in custody at Oregon State Correctional Institution ("OSCI") pursuant to the interstate compact at the time of filing,[1] brings this civil rights action pursuant to 42 U.S.C. § 1983. Presently before the Court is Carter's Motion for Temporary Restraining Order and Preliminary Injunction ("motion") (ECF No. 5). For the reasons stated herein, the Court DENIES the motion.

///

---

[1] Carter was originally convicted and incarcerated in Montana before being transferred to Oregon for safety reasons.

1– ORDER

BACKGROUND

Carter, who identifies as non-binary, was originally in the custody of the Montana Department of Corrections ("MDOC") before they were transferred to Oregon pursuant to the interstate compact. Carter filed this lawsuit on November 13, 2023, alleging, among other things, that numerous defendants failed to protect Carter from violent individuals in custody, violated the interstate compact in several respects, failed to provide adequate mental health treatment, and subjected Carter to an unclothed search by a male officer without giving them the option of being searched by a female officer. (ECF No. 2.)

On November 27, 2023, Carter filed the instant motion, seeking a court order requiring the Oregon Department of Corrections ("ODOC") to arrange Carter's return to Montana State Prison, and otherwise requiring Defendants to provide Carter with mental health treatment, preferential housing, and a job until the transfer back to Montana is complete. (Mot. for TRO and Prelim. Inj. (ECF No. 5) at 2-3.)

On December 4, 2023, the Court granted Carter's Application to Proceed *in Forma Pauperis* and issued a Notice of Lawsuit and Expedited Request for Waiver of Service. (ECF Nos. 8, 9.) In a separate order, the Court instructed that upon waiver of service, Defendants would be required to respond to Carter's motion. (ECF No. 13.)

After a brief delay, Defendants filed a waiver of service on January 9, 2024, and filed a response to Carter's Motion on January 16, 2024. (ECF Nos. 30, 32.) Carter did not file a reply.

On February 5, 2024, the United States Postal Service returned mail sent to Carter at OSCI because Carter is "[n]ot an Oregon [Adult in Custody]." (ECF No. 38.) Upon further investigation, it appears that Carter no longer is in ODOC custody because they were returned to

2– ORDER

Montana State Prison on January 28, 2024. *See* Montana Offender Search for Francis Crowley[2], MONTANA DEPARTMENT OF CORRECTIONS, https://app.mt.gov/conweb/; *see also Callister v. Owen*, No. 1:16-cv-00474-CWD, 2017 WL 1499224, at *2 (D. Idaho 2017) (explaining that judicial notice may be taken of "[p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies") (simplified).

## DISCUSSION

Carter seeks injunctive relief, arguing that Defendants knew of and failed to remedy various issues arising from Carter's confinement at OSCI, including harassment at the hands of staff and other individuals in custody, retaliation in the form of moving Carter to a more restrictive housing unit, and the denial of mental health treatment. (Aff. of Jonathan Carter (ECF No. 7).) The Court need not address the merits of Carter's motion, however, because their transfer to Montana State Prison moots their request for injunctive relief.

Generally, a claim becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (simplified). "A request for injunctive relief remains live only so long as there is some present harm left to enjoin." *Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 864 (9th Cir. 2017) (quoting *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1502 (D.C. Cir. 1995)). An individual in custody's transfer or "release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action." *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (simplified). As the Ninth Circuit has explained:

---

[2] Carter changed their name while in custody at OSCI, but MDOC still lists Carter by their original name, Francis Crowley.

3– ORDER

> Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim. Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted. And the [transferred] inmate has no further need for such declaratory or injunctive relief, for he is free of the policy or practice that provoked his lawsuit in the first place.

*Id.* (quoting *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007)).

Here, Carter has been returned to Montana State Prison and thus has received the relief they requested. Carter otherwise sought prospective relief concerning their housing, employment, and medical treatment at OSCI, to which they are no longer subject. *See Alvarez*, 667 F.3d at 1064 (explaining that transfer or release moots claims for injunctive relief because "the released [individual] is no longer subject to the prison conditions or policies he challenges"). Furthermore, Carter does not claim that Defendants are continuing to violate their constitutional rights now that they have been transferred, nor have they demonstrated a "reasonable expectation of returning to [OSCI]." *Valasquez v. Diaz*, Case No. 1:19-cv-00683-DAD-BAM (PC), 2021 WL 3911309, at *3 (E.D. Cal. Sept. 1, 2021) (quoting *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curium)). Accordingly, Carter's motion for injunctive relief is moot and must be denied.

///
///
///
///
///
///
///

4– ORDER

CONCLUSION

Based on the foregoing, the Court DENIES AS MOOT Carter's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 5).

IT IS SO ORDERED.

DATED this 21st  day of February, 2024.

                                                    /s/Ann Aiken
                                                    Ann Aiken
                                        United States District Judge

5– ORDER